IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL CASTONGUAY, | ) | 4:11CV3145 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TECUMSEH INSTITUTION, Fred Britton/Warden, | ) ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Paul Castonguay's ("Castonguay" or "Petitioner") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Liberally construing the allegations of Castonguay's Petition, Castonguay argues that he is entitled to writ of habeas corpus based on the following claims:

Claim One: Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* his trial counsel (1) withheld the victim's medical reports from the court, (2) coerced Petitioner into changing his plea, (3) refused to evaluate Petitioner's mental competency, (4) failed to suppress the victim's medical reports, (5) failed to communicate with Petitioner, (6) refused to call witnesses on Petitioner's behalf, (7) failed to investigate the victim's allegations, and (8) failed to test Petitioner's DNA.

Claim Two: Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* his direct appeal counsel failed to argue that his trial counsel was ineffective.

Claim Three: Petitioner was denied due process in violation of the Fourteenth Amendment *because* (1) the court permitted the state prosecutor to question a mentally

|  | |
|---|---|
|  | handicapped witness, (2) the state prosecutor never deposed the victim, (3) the victim's medical reports were withheld from the judge, and (4) the state failed to test Petitioner's DNA. |
| Claim Four: | Petitioner was denied his speedy trial rights in violation of the Sixth Amendment *because* the state did not try him within six months of his arrest. |
| Claim Five: | Petitioner was denied his Sixth Amendment right to confront his accuser *because* the state did not provide him with the opportunity to cross-examine the victim. |

(Filing No. 9 at CM/ECF pp. 1-2.) For the reasons set forth below, Castonguay's Petition is dismissed with prejudice.

## I. BACKGROUND

### A. Castonguay's Conviction and Direct Appeal

Castonguay pled no contest to first degree sexual assault on August 14, 2009. (Filing No. 15-4, Attach. 4, at CM/ECF p. 20.) The Nebraska Court of Appeals reported the lengthy factual and procedural background underlying Castonguay's conviction in *State v. Castonguay*, No. A-10-053 (Neb. Ct. App. May 24, 2010), and the court will not repeat it here. (Opinion available at Filing No. 15-4, Attach. 4, at CM/ECF pp. 74-93.) Castonguay timely appealed his conviction and sentence to the Nebraska Court of Appeals, which affirmed the conviction and sentence in a detailed opinion. (*Id.*) Thereafter, Castonguay sought relief from the Nebraska Supreme Court in a petition for further review, which the Nebraska Supreme Court denied. (Filing No. 15-11, Attach. 11, at CM/ECF p. 2.)

B.  **Castonguay's Post-Conviction Motion and Appeal**

Castonguay filed a pro se motion for post-conviction relief ("post-conviction motion") in the Douglas County District Court on June 29, 2010. (Filing No. 15-5, Attach. 5, at CM/ECF p. 40.) The Douglas County District Court denied Castonguay's post-conviction motion on November 22, 2010. (Filing No. 15-6, Attach. 6, at CM/ECF pp. 25-31.) Castonguay timely appealed the denial to the Nebraska Court of Appeals, which also denied relief. (Filing No. 15-11, Attach. 11, at CM/ECF p. 5.) Thereafter, Castonguay sought relief from the Nebraska Supreme Court in a petition for further review, which the Nebraska Supreme Court denied for lack of jurisdiction. (*Id.* at CM/ECF p. 6.)

C.  **Castonguay's Petition for Writ of Habeas Corpus**

Castonguay timely filed his Petition in this court on August 24, 2011. (Filing No. 1.) Thereafter, Castonguay filed briefs and other pleadings in support of his Petition (*see*, *e.g.*, Filing Nos. 27, 28, 29, 30, 32, and 33.) In response to Castonguay's Petition, Respondent filed an Answer, two Briefs, and State Court Records. (Filing Nos. 15, 25, 26, and 31.) In light of these filings, the court deems this matter fully submitted.

## II. ANALYSIS

In order for the court to address the merits of any one of Castonguay's claims, he must have exhausted the remedies available to him in the Nebraska state courts. *See* 28 U.S.C. § 2254(b)(1). As set forth below, Castonguay failed to exhaust his claims in the Nebraska state courts and, because the claims are now barred from presentation in the Nebraska state courts, they are procedurally defaulted.

3

A.      **Requirement of Exhaustion**

As set forth in 28 U.S.C. § 2254(b)(1):

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

>    (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
>    (B)   (i)   there is an absence of available State corrective process; or
>
>          (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore fairly present the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska

4

Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005). Further, in order to fairly present a federal constitutional claim to the state courts, the petitioner must "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue. Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir.), *cert. denied*, 546 U.S. 844 (2005) (internal quotation marks omitted).

Moreover, where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and issues a "plain statement that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989) (internal quotation marks omitted). However, the state court procedural

5

decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted).

B.      **Procedurally Defaulted Claims**

    1.      **Claim One**

In Claim One, Castonguay argues that he was denied the effective assistance of trial counsel. Under Nebraska law, Castonguay was required to raise claims of ineffective assistance of trial counsel on direct appeal because his appellate counsel was different from his trial counsel. *See State v. Jim*, 747 N.W.2d 410, 417-418 (Neb. 2008) (reiterating that in order to raise the issue of ineffective assistance of trial counsel where appellate counsel is different from trial counsel, a defendant must raise on direct appeal any issue of ineffective assistance of trial counsel that is known to the defendant or is apparent from the record, or the issue will be procedurally barred on postconviction review.) Castonguay failed to exhaust any part of Claim One on direct appeal.

Castonguay raised Claim One, Part 3 to the Nebraska Court of Appeals, but did not raise it in a petition for further review to the Nebraska Supreme Court. (*See* appellant's brief at Filing No. 15-4, Attach. 4, at CM/ECF pp. 25-42; *see also* petition for further review at *id.* at CM/ECF pp. 72-73.) He raised Claim One, Part 5 in a petition for further review to the Nebraska Supreme Court, but did not raise the claim to the Nebraska Court of Appeals. (*See Id.*) In addition, he raised no other part of Claim One on direct appeal. As such, Castonguay failed to "fairly present" any part of Claim One in one complete round in the Nebraska state courts. Castonguay is now barred from raising Claim One in what would be a successive motion for post-

conviction relief. *See Ortiz*, 670 N.W.2d at 792. Accordingly, Claim One is procedurally defaulted.[1]

### 2. Claims Three, Four, and Five

In Claim Three, Castonguay raises several due process arguments relating to trial court error and prosecutorial misconduct. In Claim Four, Castonguay argues that his speedy trial rights were violated. In Claim Five, Castonguay argues that he was denied his right to cross-examine his accuser. Under Nebraska law, Castonguay was required to raise Claims Three, Four, and Five on direct appeal. *See Hall*, 646 N.W.2d at 579 ("A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal."). He did not do so and therefore did not fairly present the substance of these claims to the Nebraska state courts.

Castonguay arguably raised parts of Claim Three in his post-conviction motion, but the Douglas County District Court found the issues were procedurally barred because they could have been raised on direct appeal. (Filing No. 15-6, Attach. 6, at CM/ECF p. 26.) Furthermore, with respect to Claims Four and Five, Castonguay entered a plea of no contest. By doing so, Castonguay waived his right to a speedy trial, and also denied himself the opportunity to confront witnesses. *See* Neb. Rev. Stat. § 29-1209 ("Failure of the defendant to move for discharge prior to trial or entry

---

[1] The court notes that the Nebraska Court of Appeals addressed the merits of Claim One, Part 3, in *Castonguay*, No. A-10-053. (Filing No. 15-4, Attach. 4, at CM/ECF pp. 91-93.) Respondent argues, and the court agrees, that the Nebraska Court of Appeals's decision concerning Claim One, Part 3 was not based on an unreasonable application of established federal law. *See* 28 U.S.C. § 2254(d)(1) (stating a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.").

of a plea of guilty or nolo contendere shall constitute a waiver of the right to speedy trial.")

Castonguay failed to "fairly present" the substance of Claims Three, Four, and Five to the state courts before seeking federal habeas relief. Castonguay is barred from raising these claims in what would be a successive motion for post-conviction relief. *See Ortiz*, 670 N.W.2d at 792. Accordingly, Claims Three, Four, and Five are procedurally defaulted.

### 3. Cause and Prejudice

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Castonguay has not argued that the court's failure to consider his procedurally-defaulted claims will result in a fundamental miscarriage of justice. Regardless, in order for Castonguay to invoke the fundamental-miscarriage-of-justice exception, he would have to "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006). Castonguay has not done so. In addition, Castonguay's "Petitioner Reply" (Filing No. 33) contains references to "prejudice," but does not clearly set forth any discernable argument respecting "cause and prejudice." Accordingly, Claims One, Three, Four, and Five are dismissed because they are procedurally defaulted and Castonguay has not shown cause to excuse the procedural default.

### C. Claim Two

In Claim Two, Castonguay argues that he was denied the effective assistance of counsel because his appellate counsel failed to argue that his trial counsel was ineffective. Claim Two fails for two reasons. First, Castonguay's appellate counsel

8

*did* argue on direct appeal that Castonguay's trial counsel was ineffective. Specifically, the third assignment of error in Castonguay's counsel-prepared brief to the Nebraska Court of Appeals was that Castonguay "was deprived his constitutional right to effective assistance of counsel." (Filing No. 15-4, Attach. 4, at CM/ECF p. 40.) Claim Two also fails because Castonguay has not stated the claim with the specificity necessary for habeas review, and thus has not presented a cognizable claim. *See, e.g.*, *McDonald v. Bowersox*, 101 F.3d 588, 596 (8th Cir. 1996) (holding that the bare assertion of an Eighth Amendment violation failed to state a cognizable claim). Castonguay's conclusory statements about the ineffectiveness of his appellate counsel do not set forth a cognizable claim because (1) they do state in any discernable way what arguments his appellate counsel failed to raise, and (2) they do not state how Castonguay was prejudiced by the failure to raise them. Accordingly, Claim Two is dismissed.

IT IS THEREFORE ORDERED that:

1. Castonguay's Petition (Filing No. 1) is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3. All pending motions are denied as moot.

DATED this 3rd day of April, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.