IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL CASTONGUAY, | ) | 4:11CV3145 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TECUMSEH INSTITUTION, Fred Britton/Warden, | ) ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on Petitioner's Motion for Leave to Appeal In Forma Pauperis ("IFP") (filing no. 62) and Motion for Certificate of Appealability (filing no. 67). On April 3, 2012, the court dismissed Petitioner's habeas corpus claims and entered Judgment against him. (Filing Nos. 55 and 56.) Petitioner thereafter filed a timely Notice of Appeal. (Filing No. 60.)

### *I. Motion for Leave to Appeal In Forma Pauperis*

    Under the provisions of 28 U.S.C. §1915(g) ("§ 1915(g)"), a prisoner may not proceed in forma pauperis in a civil action, or appeal a judgment in a civil action, if the prisoner has, on three or more occasions, while incarcerated, brought an action or appeal in federal court that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. § 1915(g). An exception is made for prisoners who are under imminent danger of serious physical injury. *Id*. The court has determined that Petitioner brought three cases,[1] while

---

[1] *Castonguay v. Douglas County Attorney Office*, No. 8:09CV392 (D. Neb.), dismissed on April 9, 2010. (Case No. 8:09CV392, Filing Nos. 11 and 12.) *Castonguay v. Douglas County Correction Center*, No. 8:09CV225 (D. Neb.), dismissed on November 3, 2009. (Case No. 8:09CV225, Filing Nos. 14 and 15.) *Castonguay v. State of Nebraska*, No. 8:09CV221 (D. Neb.), dismissed on November 3, 2009. (Case No. 8:09CV221, Filing Nos. 15 and 16.)

incarcerated, that were dismissed because they failed to state a claim upon which relief could be granted.[2]

Petitoiner has not shown that these cases state a claim upon which relief may be granted, nor has he shown that he faces any danger of physical injury. Thus, Petitioner is not entitled to proceed IFP on appeal. Moreover, Petitioner has not paid the $455.00 filing fee, and his appeal cannot be processed.

## *II. Motion for Certificate of Appealability*

On March 2, 2012, the court entered a Memorandum and Order giving Petitioner until June 4, 2012, to file a motion for Certificate of Appealability and brief in support. (Filing No. 66.) Petitioner filed his Motion for Certificate of Appealability and Brief in Support on March 29, 2012. (Filing Nos. 67 and 68.)

Before a petitioner may appeal the dismissal of a petition for writ of habeas corpus, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal such a dismissal is governed by 28 U.S.C. § 2253(c), which states:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; . . .

---

[2]The court takes judicial notice of the fact that Plaintiff has previously been informed of § 1915(g)'s requirements. (*See* Case No. 4:10CV3207, Filing No. 20.)

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).[3]

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Such a showing requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 894 (1983) (defining pre-AEDPA standard for a certificate of probable cause to appeal)).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Similarly, if the district court denies a petition for writ of habeas corpus on procedural grounds without reaching the underlying constitutional claims on the merits:

> [A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . would find it debatable

---

[3]Similarly, Fed. R. App. P. 22(b), as amended by AEDPA, indicates that in an action pursuant to 28 U.S.C. § 2254, a notice of appeal triggers the requirement that the district judge who rendered the judgment either issue a certificate of appealability or state the reasons why such a certificate should not issue. *See generally Tiedeman v. Benson*, 122 F.3d 518, 521 (8th Cir. 1997).

3

whether the district court was correct in its procedural ruling . . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.*

The court has carefully reviewed the record and Petitioner's Motion and Brief. (Filing Nos. 67 and 68.) Petitioner has failed to demonstrate that reasonable jurists would find this court's ruling debatable or wrong. For the reasons stated in its April 3, 2012, Memorandum and Order (filing no. 55), the court declines to issue a Certificate of Appealability.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Leave to Appeal IFP (filing no. 62), and Motion for Certificate of Appealability (filing no. 67) are denied without prejudice to reassertion before the Eighth Circuit.

2. The Clerk of the court shall provide the Court of Appeals a copy of this Memorandum and Order.

DATED this 7th day of June, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.