IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL CASTONGUAY, | ) | 4:11CV3145 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TECUMSEH INSTITUTION, Fred Britton/Warden, | ) ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on Petitioner's ("Castonguay") Application for Leave to Appeal In Forma Pauperis ("IFP"). (Filing No. 74.) On April 3, 2012, the court dismissed Petitioner's habeas corpus claims and entered Judgment against him. (Filing Nos. 55 and 56.) Petitioner thereafter filed a timely Notice of Appeal. (Filing No. 60.) Petitioner also filed a Motion for Leave to Proceed IFP. (Filing No. 62.) On June 7, 2012, I denied Petitioner's Motion for Leave to Proceed IFP, without prejudice to reassertion, pursuant to the three-strike provisions of 28 U.S.C. §1915(g) ("§1915(g)").[1] (Filing No. 69.) ***As I shall next explain, that decision was erroneous and I apologize for my error.***

    In his new Application for Leave to Appeal IFP, Petitioner renews his request to proceed on appeal without payment. (Filing No. 74.) Upon further review,

---

[1]In full, § 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Petitioner's habeas action is not subject to the three-strike provisions of § 1915(g). See *Malave v. Hedrick*, 271 F.3d 1139, 1139-40 (8th Cir. 2001) (concluding Prison Litigation Reform Act is inapplicable to habeas corpus actions); *see also United States v. Feist*, 346 F. App'x 127, 128 (8th Cir. 2009) (reiterating that "filing fee provisions of the PLRA are inapplicable" in habeas corpus actions). Accordingly, Petitioner may proceed IFP on appeal.

I must acknowledge that the Court of Appeals ruled on June 29, 2012, that Castonguay is obligated to pay the full appellate filing fee. (Filing No. 77.) I do not mean to contradict the Court of Appeals, but my earlier order was wrong, thus inviting a possibly erroneous ruling by the Court of Appeals. Further, I am obligated to rule on the new Motion to Proceed in Forma Pauperis that was submitted prior to the issuance of the Court of Appeals' Order. Also, I do not understand the Court of Appeals to have explicitly reversed its prior decisions. If the Court of Appeals nevertheless concludes that allowing Castonguay to proceed IFP is in error despite this ruling, the Court of Appeals may, of course, require collection of the appellate filing fee and I will proceed accordingly.

*Again, apologizing for my error,*

IT IS THEREFORE ORDERED that:

1. Petitioner's Application for Leave to Appeal IFP (filing no. 74) is granted and Petitioner may proceed IFP on appeal.

2. The Clerk of the court shall provide the Court of Appeals with a copy of this Memorandum and Order.

July 5, 2012            BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

2